IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES VIRGIL (#2019-0415126), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 8524 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| BERNEITA BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Charles Virgil, formerly a state prisoner, alleges that prison staff violated the due process clause by holding him beyond the date his sentence expired. Before the Court is Defendant Berneita Barnes' motion for summary judgment brought under Federal Rule of Civil Procedure 56(a). For the reasons stated below, the Court grants Defendant's motion.

**Background**

Defendant filed a Rule 56.1 statement of material facts with her motion for summary judgment. Consistent with the local rules, Defendant also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. Plaintiff did not respond to Defendant's motion nor Defendant's statement of material facts. Accordingly, Defendant's statements of material fact are deemed admitted. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); LR 56.1(e)(3).

At all relevant times to this lawsuit, Plaintiff was an inmate under the custody and control of the Illinois Department of Corrections ("IDOC") and housed at the Stateville Northern Reception and Classification Center ("NRC"). Defendant Berneita Barnes was the Assistant Warden of Programs at Stateville NRC during the relevant period of time.

On September 3, 2015, Plaintiff was sentenced to six years imprisonment. Plaintiff was given 485 days of total credit for time actually served in custody. In addition, Plaintiff was sentenced to a term of two-years Mandatory Supervised Release ("MSR"). Plaintiff's mandatory out date was April 28, 2020.

Plaintiff was released from his last parent institution, Western Illinois Correctional Center, on April 21, 2017, to serve out his MSR term. On April 14, 2019, Plaintiff was arrested by Chicago police officers for multiple weapons offenses. On that same date, a warrant was issued for Plaintiff to be returned to IDOC for violating his MSR conditions. On April 18, 2019, Plaintiff was notified that he was suspected of violating his MSR conditions. Plaintiff waived his preliminary parole revocation hearing. On April 25, 2019, Plaintiff was admitted back into the NRC.

On May 3, 2019, Plaintiff threw a mixture of urine and feces at a correctional officer, striking the officer in the arm. Plaintiff was subsequently disciplined for the infraction, in part with the revocation of six months good time credits.

Meanwhile, on May 14, 2019, Plaintiff was indicted under Case No. 19CR0650102 on seven felony counts related to weapons offenses. The case is currently pending in Cook County criminal court and a warrant has been issued for Plaintiff's arrest as of November 11, 2021 for failure to appear. Also on May 14, 2019, Plaintiff misused state property and disregarded direct orders, which resulted in a prison disciplinary action, including the revocation of one month of good time credits.

On June 26, 2019, the Prisoner Review Board ("PRB") held a hearing to determine whether there was sufficient evidence to show Plaintiff violated the conditions of his MSR. The PRB determined that Plaintiff violated the conditions of his MSR and that he had done so on April 14, 2019. Consequently, Plaintiff's MSR was revoked. On June 27, 2019, Plaintiff's projected out date was re-calculated based on the PRB's finding that Plaintiff violated the terms of his MSR and the disciplinary actions taken during his NRC stay. Plaintiff's new MSR date was July 23, 2019.

On July 23, 2019, Plaintiff was discharged from IDOC having completed his sentence for the 2014 residential burglary conviction.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Anderson v. Nations Lending Corp.,* 27 F.4th 1300, 1304 (7th Cir. 2022). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Plaintiff alleges that his sentence terminated on April 23, 2019, but that he was unlawfully held until July 23, 2019. Plaintiff states that he complained to Defendant Barnes, but that she did nothing to assist him.

In its initial review order of March 19, 2020, the Court found Plaintiff alleged a plausible due process claim in his amended complaint stating that he had been held in the IDOC beyond the end of his sentence. The Court's initial order explained to Plaintiff that the warden of Stateville was the only proper defendant to Plaintiff's claim. Nonetheless, the only named defendant to this lawsuit is Berneita Barnes, who was, at the time, the assistant warden of programs at Stateville. Ms. Barnes is not the proper defendant.

Even if Plaintiff had named the proper defendant, the record indicates that Plaintiff violated the terms of his MSR, was re-incarcerated on April 25, 2019, the PRB held a hearing on June 26, 2019, and that pursuant to the findings made and order issued by the PRB, his "out-date" was reset to July 23, 2019. Plaintiff was released from IDOC custody on July 23, 2019. Thus, Plaintiff's claim that he was held beyond the length of his sentence is factually baseless. Therefore, Plaintiff cannot establish that he was held beyond his release date in violation of the due process clause.

In the end, Plaintiff did not respond to the motion for summary judgment and the undisputed record indicates Plaintiff was released on the date recalculated by the PRB. Accordingly, Plaintiff has failed to establish a constitutional violation, and Defendant Barnes' motion for summary judgment is granted.

**Conclusion**

For the reasons stated above, the Court grants Defendant's motion for summary judgment [51]. Final judgment shall enter for Defendant and this case is terminated on the Court's docket.[1]

IT IS SO ORDERED.

Date: 6/10/2022

Entered:

SHARON JOHNSON COLEMAN
United States District Judge

---

[1] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* Plaintiff has struck out and has been so informed, *Johnston v. Hoogland*, Case No. 20 cv 7814, Dkt. 15, pgs. 1, 7; and his arrest in 2017 does not constitute imminent danger of serious physical injury. Therefore, if Plaintiff appeals, he must pay the $505 filing fee.